MÉNDEZ, DEMANDANTE Y APELANTE, *v.* CELIS ET AL., DEMANDADOS Y APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en caso sobre nulidad de testamento.

No. 1084.—Resuelto en junio 3, 1914.

DESHEREDACIÓN—INTERPRETACIÓN DE TESTAMENTO—INTENCIÓN DEL TESTADOR.—La regla general de que los testamentos deben interpretarse en el sentido de que la intención del testador debe prevalecer, no es de aplicación a las cláusulas de desheredación, sino que en tales casos es necesario que se observen estrictamente los preceptos legales que permiten la desheredación.

ID.—EXPRESIÓN DE LAS CAUSAS EN EL TESTAMENTO—REFERENCIA A UNA DEMANDA DE DIVORCIO.—De acuerdo con los preceptos del artículo 826 del Código Civil es nula la desheredación de un heredero cuando en el testamento no se han expresado las causas que tuviera el testador para ello, siendo insuficiente y no surtiendo efecto alguno el hacer referencia en el testamento a las causas de divorcio que consten en una demanda de divorcio radicada en un tribunal.

ID.—ACCIÓN DE NULIDAD DE TESTAMENTO—ELIMINACIÓN DE LAS CAUSAS DE DESHEREDACIÓN QUE ·NO FUERON EXPRESADAS EN EL TESTAMENTO.—Cuando en una acción de nulidad de testamento fundada en que la desheredación hecha por el testador es nula por no haberse expresado en el testamento las causas de la misma, el demandado en su contestación alega como materia nueva de defensa las causas de divorcio que constan en una demanda radicada en un tribunal, pero que no se expresaron por el testador en el mismo testamento, sino haciendo referencia a dicha demanda, debe declararse con lugar una moción de eliminación de dichas causas alegadas en la contestación por ser materia impertinente.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Eduardo Acuña.*

Abogado de los apelados: *Sres. Alvarez Nava y Domínguez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Ramón Méndez Cardona estableció esta acción en la Corte de Distrito de Humacao contra los herederos de su esposa Carlota de Celis Alquier. En los tres primeros párrafos de su demanda establece la capacidad de las partes como también el hecho de su matrimonio. En el párrafo cuarto de la expresada demanda alega que dicha Carlota de Celis Alquier no dejó descendientes ni ascendientes de ninguna clase y que su matrimonio con ella nunca fué disuelto.

En el párrafo quinto expresa que el día antes de ocurrir el fallecimiento de su esposa, o sea el día 7 de agosto, 1910, la referida Carlota de Celis Alquier otorgó un testamento abierto ante el Notario de Fajardo Carlos Rola, en el que por la cláusula segunda declara su matrimonio con el demandante, expresando además que contra este último tenía presentada demanda de divorcio ante la Corte de Distrito de Humacao; y por la cláusula sexta del mismo instituye por sus únicos y universales herederos a las personas que en la misma se mencionan.

En el párrafo sexto de la mencionada demanda se dice que por la cláusula séptima del indicado testamento la predicha testadora desheredó y privó a su esposo el demandante de su derecho de usufructo en cuanto a la mitad de sus bienes, sin consignar concreta y específicamente en dicha cláusula séptima ni en ninguna otra parte del testamento la causa o motivo de tal desheredación.

En el párrafo séptimo se alega en dicha demanda que el testamento de 7 de agosto, 1910, fué el último que otorgó la testadora suplicándose en dicha demanda que previos los trámites del juicio la corte declarara nulas las cláusulas sexta y séptima del expresado testamento.

Los demandados formularon su contestación negando específicamente los párrafos sexto y séptimo de la demanda y como materia nueva constitutiva de defensa especial citaron

los demandados su propia versión de la cláusula séptima del referido testamento. Luego siguieron los demandados expresando que en 15 de junio, 1910, o con anterioridad al otorgamiento del testamento en cuestión, Carlota de Celis Alquier que a la sazón vivía bajo distinto techo de su esposo, estando él en Barcelona, España, presentó ante la Corte de Distrito de Humacao una demanda de divorcio contra Méndez Cardona en la cual consignó como causa de dicho divorcio que la conducta de su esposo era ofensiva a la dignidad y sentimientos de la demandante en dicha acción de divorcio, llegando hasta producirse en presencia de extraños en actitud irascible y violenta contra la demandante; maltratándola en forma que le causó un padecimiento nervioso; habiendo su esposo manifestado a la demandante en presencia de terceras personas y en actitud muy colérica que muy a su pesar se había apresurado a volver al lado de la demandante para evitar que ella que era una loca, tuviera intervención en los intereses del demandado; y que todo esto sucedió en Puerto Rico donde además se condujo con ella en forma tiránica e injuriosa. Y terminaron los demandados el párrafo haciendo referencia a la referida acción de divorcio haciendo alusión a los demás hechos expresados en la demanda de divorcio que presentó dicha testadora contra su esposo.

Los demandados en su contestación a la presente demanda además de exponer los hechos de dicha demanda de divorcio, continuaron haciendo referencia a otros varios hechos que según ellos tendían a probar los hechos de la referida demanda de divorcio, haciendo mención de ciertos pormenores con el objeto de mostrar la conducta del expresado Ramón Méndez Cardona, como por ejemplo, el haber agredido y pegado a su esposa en cierta ocasión profiriéndole palabras insultantes en alta voz, así como otros actos y conducta que los demandados alegan que produjeron su enfermedad nerviosa que trajo su muerte como consecuencia.

El demandante presentó una moción solicitando la eliminación de todos los particulares de la contestación que se

referían al contenido de la demanda de divorcio, así como todas las cuestiones que alegaron los demandados para probar los hechos de la indicada acción de divorcio, fundándose en que todo lo que alegaron era impertinente y no constituía materia de defensa. La corte desestimó la moción contra cuya resolución se tomó excepción. El primer fundamento de error se basa en el hecho de haber desestimado la corte esta moción para eliminar, pero en esta moción de eliminación estaba comprendida la diferencia esencial que existe entre la teoría que sustenta el demandante y la de los demandados en esta acción por lo cual pospondremos su discusión con el fin de considerar la cuestión principal envuelta en esta acción.

Al ser desestimada la moción se procedió a la celebración del caso oponiéndose constantemente el demandante a toda prueba que tendiera a establecer los actos específicos constitutivos de insultos y trato cruel que fueron alegados en el pleito de divorcio. Dichas objeciones fueron desestimadas y el demandante tomó excepción. Finalmente la corte dictó sentencia a favor de los demandados.

La cuestión esencial envuelta en este caso es si el testamento otorgado por la testadora constituye una desheredación suficiente del marido, dependiendo la resolución de esta cuestión de la interpretación que haya de darse a las cláusulas sexta y séptima de dicho testamento, las cuales dicen lo siguiente:

"*Sexta.*—El remanente de todos sus bienes, derechos y acciones y futuras sucesiones instituye y nombra por sus únicos y universales herederos a sus hermanos Elena, viuda de Pedro Mota, Luis, casado con Providencia Pérez, María del Rosario, casada con Hilario López y a su fallecido hermano Francisco de Celis Alquier que fué casado con Da. Matilde Cabanillas y quien será sustituído en esta herencia con el derecho de representación que concede el Código Civil vigente por sus legítimos hijos Don José y Don Carlos Crispín de Celis Cabanillas."

"*Séptima.* Que como se deja dicho tiene presentada demanda de divorcio ante la Corte de Distrito de Humacao contra su citado esposo

Don Ramón Méndez Cardona y creyendo justas las causas en que funda dicha demanda le priva o deshereda del derecho que a su favor concede el Código Civil con respecto al usufructo en la mitad de sus bienes.''

El artículo 826 del Código Civil prescribe lo siguiente:

''Art. 826.—La desheredación solo podrá hacerse en testamento, expresando en él la causa legal en que se funde.''

¿Fueron suficientes las manifestaciones contenidas en el testamento para cumplir con el estatuto?

El acto que trató de llevar a efecto la testadora fué el desheredar a un heredero forzoso; a uno cuyos derechos estaban terminantemente fijados en el Código Civil junto con los de los ascendientes y descendientes. Este no es el acto de un testador que dispone de sus bienes propios sino una tentativa por parte de la testadora de privar a su esposo del usufructo que le concede la ley. La regla ordinariamente aplicable en el otorgamiento de testamentos, o sea que la intención del testador deberá prevalecer no puede ser realmente de aplicación a un caso de desheredación de una persona. Los estatutos que permiten tal desheredación deberán ser observados estrictamente como cuando se trata de un caso de enajenación de bienes o de otorgamiento de poderes, todos los cuales han sido considerados por este tribunal. Hemos resuelto al considerar un poder que cuando la legislatura emplea las palabras ''una facultad expresa para hipotecar, vender, etc.,'' las mismas palabras deberán hacerse constar en el documento. Véase entre otros el caso de *Sucs. de Andreu & Co., S. en C.,* v. *El Registrador,* resuelto en mayo 7, 1914.

La testadora no tenía al otorgar el testamento la demanda de divorcio ante sí. Esta demanda se redactó sin tener en cuenta las formalidades necesarias para el otorgamiento de cualquier testamento abierto, cerrado u ológrafo. Las causas por las cuales trató de desheredar a su esposo fueron

expresadas haciéndose referencia a otros documento, o sea a una demanda de divorcio, y dichas causas no se manifestaron ante el notario o los testigos o se escribieron de puño y letra de la testadora, pensando ésta en que otorgaba su última voluntad, como lo exige la ley en el otorgamiento de un testamento. Entendemos que al exigir la ley que se consignen las causas en el testamento quiere decir lo que las palabras significan y que dichas causas no pueden ser expresadas haciendo referencia a otro instrumento o documento ya se encuentre radicado dicho documento en una corte o lo tenga en su caja el testador.

Creemos que todo el espíritu del Código Civil está en contra de la alegación de los apelados y muy especialmente los artículos 678 y 680 del referido Código, los cuales son como sigue:

"Art. 678. El testamento es un acto personalísimo, no podrá dejarse su formación en todo ni en parte, al arbitrio de un tercero, ni hacerse por medio de comisario o mandatario.

"Tampoco podrá dejarse al arbitrio de un tercero la subsistencia del nombramiento de herederos o legatarios, ni la designación de las porciones en que hayan de suceder cuando sean instituídos nominalmente."

"Art. 680. Toda disposición que sobre institución de heredero, mandas o legados que haga el testador, refiriéndose a cédulas o papeles privados que después de su muerte aparezcan en su domicilio o fuera de él, será nula si en las cédulas o papeles no concurren los requisitos prevenidos para el testamento ológrafo."

La redacción de una demanda, el tenerla y el radicarla por lo general se deja a la discreción de un abogado y el tratar de desheredar haciendo referencia a un documento que depende de otra persona es contrario a la letra y al espíritu de los dos artículos citados. El comentarista Sr. Scaevola al tratar de esta cuestión se expresa como sigue:

"3. *Que la causa se expresa en el testamento.* Esta condición aumenta todavía el rigor de la ley en cuanto a la forma de deshere-

dar, más con el ánimo de evitar dudas y cuestiones litigiosas, que con el de imponer una nueva sujeción. No basta con que en determinado momento el heredero haya realizado un acto indigno de los por que se incurre en la desheredación, para que ya deba referirse a él la pronunciada en el testamento; sino que la causa debe ser expresada al tiempo de desheredar, a fin de que de ningún modo quepa duda sobre la voluntad del testador en relación con aquélla causa y no como otras.''

    *      *      *      *      *      *      *

''Indudable es, por otra parte, que si el testador refiriera la causa de la desheredación *a lo* manifestado en otra clase de documentos o en otra forma cualquiera, como, por ejemplo: 'Desheredo a mi hijo por las causas que he relacionado en mi libro de memorias,' esta desheredación carecería de efectos no sólo por la falta de cumplimiento del art. 849, sino porque, según sabemos, el art. 672 declara nula toda disposición que sobre institución de heredero, mandas o legados haga el testador refiriéndose a cédulas o papeles privados en que no concurran los requisitos prevenidos para el testamento ológrafo.'' 14 Scaevola, 868, 870.

A nuestro juicio las causas de desheredación no fueron expresadas de modo suficiente en el testamento otorgado por Carlota de Celis Alquier en agosto 7, 1910.

También opinamos que el demandante procedió correctamente al presentar su moción sobre eliminación de la materia constitutiva de nueva defensa o de una gran parte de la misma de la contestación. La naturaleza esencial de la presente acción era la nulidad de un testamento por no aparecer expresadas en debida forma las cláusulas del mismo en las cuales se trataba de desheredar. El demandante en realidad no había negado la verdad de las supuestas causas y por tanto a nadie incumbía probarlas. Podría muy bien haber sucedido que si su alegación respecto a la insuficiencia del testamento no hubiera prevalecido entonces el demandante no hubiera seguido impugnando la desheredación. Alegaba el demandante que el testamento era nulo en tanto en cuanto por el mismo se trataba de desheredarlo y ese fué el único objeto de su demanda. Los demandados en la creencia de que debían probar en este pleito las causas del divorcio a las cuales

se refirió la testadora, incluyeron en su contestación ciertas alegaciones en las cuales se atacaba la conducta del demandante. Este, sin embargo, no negaba en esta acción la verdad de la demanda de divorcio. El esposo pudo haber incurrido en todas las faltas y ofensas que los demandados creyeran que había cometido, aunque en lo que se refiere a su supuesta culpa él tenía derecho a ser oído ante la corte y en la forma que la ley prescribe. No puede obligársele arbitrariamente a defender su nombre y reputación en una acción cuyo objeto fué solamente que se declarara la nulidad de un testamento. La moción para eliminar fué debidamente presentada y debió haber sido declarada con lugar.

Haciendo referencia, sin embargo, a esta materia que debió haber sido eliminada nos formamos una idea de toda la demanda que presentó la expresada Carlota de Celis Alquier contra su esposo y tenemos verdaderas dudas con respecto a la suficiencia de la causa de divorcio en ella alegada. En otras palabras, estamos en duda de si la demanda presentada por dicha testadora era suficiente con arreglo a la ley. Esto nos trae a la consideración de otro aspecto de la cuestión principal o sea que jamás pudo ser la intención del legislador que la determinación de las causas de desheredación pudieran establecerse mediante una referencia a un documento más o menos artificioso que ha sido presentado en una corte donde primeramente tendría que determinarse su suficiencia o insuficiencia de acuerdo con la ley.

Debe revocarse la sentencia y dictarse otra a favor del demandante anulando las cláusulas 6ª. y 7ª. del testamento de agosto 7, 1910.

> *Revocada la sentencia apelada y anuladas las cláusulas 6ª. y 7ª. del testamento en litigio.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro y Aldrey.

El Juez Asociado Sr. Hutchison no formó parte del tribunal en la vista de este caso.